IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK PAYNE,

    Plaintiff,                   No. CIV S-04-1585 MCE KJM P

    vs.

MULE CREEK STATE PRISON, et al.,

    Defendants.          <u>ORDER</u>

                                   /

        Plaintiff is a state prisoner proceeding pro se. He seeks relief under 42 U.S.C. § 1983 and has requested authority under 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 and under the authority of 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Given the filing date of his action, plaintiff is required to pay the statutory filing fee of $150.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges that he has been diagnosed with cirrhosis of the liver, but is "not

being treated for this sickness at all." Amended Complaint (Am. Compl.) at 1.  His more specific allegations include that defendants Galloway and Williams refuse to give him vitamins or a special diet; unnamed medical staff members prescribe unspecified medications that are bad for his liver; he has constant, untreated pain in his liver; and defendant Douglas prescribed saline when his gallbladder was not working.  Am. Comp. at 1-2.

In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under section 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs."  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  A plaintiff must show that he was denied medical care "in conscious disregard of an excessive risk to [his] health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996).  A difference of opinion between inmate and prison doctor, absent exceptional circumstances, is insufficient to establish deliberate indifference.  Id.

Plaintiff's complaints about the defendants' refusal to give him vitamins or a special diet or about defendant Douglas's determination to use saline to treat gallbladder problems show little more than a difference of opinion unless plaintiff can show the failure to take vitamins or eat special foods or the use of saline puts his health at risk.  Compare Byrd v. Wilson, 701 F.2d 592, 594 (6th Cir. 1983) (refusal to give prisoner diet prescribed by outside doctor for cirrhosis may constitute deliberate indifference).  Similarly, while he complains about inappropriate medications, he fails to allege what impact, if any, they have on his health. Compare Thomas v. Pate, 493 F.2d 151, 158 (7th Cir.), vacated and remanded on other grounds sub nom. Cannon v. Thomas, 419 U.S. 813 (1974) (prison doctor inflicted cruel and unusual punishment upon a prisoner when he injected the inmate with penicillin even though prisoner

3

told the doctor he was allergic to the drug). Moreover, while plaintiff's complaints of untreated pain in his liver may state a claim under the Eighth Amendment, he has not named those responsible for denying him appropriate pain control. He will be given the opportunity to amend his complaint, if he can do so while complying with Federal Rule of Civil Procedure 11.

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

Moreover, supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.

4

<u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

        Accordingly, IT IS HEREBY ORDERED that:

        1.  Plaintiff's request to proceed in forma pauperis is granted;

        2.  Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

        3.  Plaintiff's amended complaint is dismissed for the reasons discussed above, with leave to file a second amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

        4.  Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED:  May 4, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2
payn1585.Bnf

5