IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK L. PAYNE,

    Plaintiff,                                No. CIV S-04-1585 MCE KJM P

    vs.

G. STRATTON, Warden, et al.,

    Defendants.                       FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. The January 26, 2007 motion to dismiss filed by defendants Sogge and Williams (defendants) is before the court. Defendants allege plaintiff's complaint fails to state a claim upon which relief can be granted against them. Plaintiff has opposed defendants' motion; defendants have not filed a reply.

        In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic

1  Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964-65 (2007).  However, "[s]pecific facts are
2  not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . .
3  claim is and the grounds upon which it rests.'"  Erickson, 127 S.Ct. at 2200 (quoting Bell, 127
4  S.Ct. at 1964).

5         In his complaint, plaintiff alleges defendant Sogge is a physician employed by the
6  California Department of Corrections and Rehabilitation at Mule Creek State Prison.  Second
7  Am. Compl. (Compl.) at ¶ 8.  Plaintiff alleges that, on numerous occasions, plaintiff asked
8  defendant Sogge to provide treatment for plaintiff's Hepatitis C.  Id. ¶ 42.  Despite plaintiff's
9  requests, Sogge failed to provide any treatment.  Id.  Plaintiff also alleges that Sogge has failed to
10 treat plaintiff's cirrhosis by denying plaintiff Pegylated Interferon.[1]  Id. ¶ 43.  Plaintiff alleges he
11 suffers pain as a result of his cirrhosis.  Id.

12        Plaintiff alleges defendant D. Williams is a employed as a nurse practitioner at
13 Mule Creek.  Id. ¶ 9.  Plaintiff claims he has seen Williams several times for severe pain and
14 suffering related to his cirrhosis but Williams has failed to provide plaintiff with any treatment.
15 Id. ¶¶ 46-48.

16        Plaintiff alleges the actions of Sogge and Williams amount to violations of his
17 rights arising under the Eighth Amendment.[2]

18        While it is not entirely clear, it appears defendants argue that they are entitled to
19 dismissal because the claims identified in plaintiff's amended complaint are not supported by
20 facts provided in exhibits attached to plaintiff's complaint.  Mot. to Dismiss at 11:6-12.
21 Defendants are correct that courts can consider documents a plaintiff attaches to his complaint in
22 ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  U.S. v. Ritchie,

---

[1] Pegylated Interferon is a man-made form of interferon used to treat hepatitis C.

[2] In paragraph 1 of his amended complaint, plaintiff generally asserts that his rights under the First, Fifth and Fourteenth Amendments also have been violated.  There are no facts in plaintiff's complaint suggesting Sogge or Williams violated any of these rights.  Defendants' motion will be granted to this extent.

342 F.3d 903, 907-08 (9th Cir. 2003).  But just because exhibits are attached to a complaint does not necessarily mean those exhibits provide the entire universe of facts concerning a particular claim as defendants seem to suggest.  In other words, if there is no factual support for a particular claim in an exhibit attached to a complaint, that does not mean the claim must be dismissed.  If the exhibits showed definitively that plaintiff has not stated or could not state a claim upon which relief could be granted, that would be a different matter.  Cf. Sprewell v. Golden State Warriors, 266 F.3d 979, 989, as amended, 275 F.3d 1187 (9th Cir 2001).  Such is not the case here.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The January 26, 2007 motion to dismiss filed by defendants Sogge and Williams be granted in part and denied in part as follows:

   a. Granted with respect to plaintiff's claims based on the First, Fifth and Fourteenth Amendments; and

   b. Denied with respect to plaintiff's Eighth Amendment claims.

2. Defendant Sogge and Williams be ordered to file their answer within twenty days of any order adopting the foregoing findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 23, 2007.

_____
U.S. MAGISTRATE JUDGE

1
payn1585.157(1)