IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK L. PAYNE,

     Plaintiff,                    No. CIV S-04-1585 MCE KJM P

    vs.

G. STRATTON, Warden, et al.,       <u>ORDER AND</u>

     Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. The motion to dismiss filed by defendants Brimhall, Smith and B. Williams (defendants) on September 15, 2006 is now before the court, following plaintiff's filing of an opposition on September 4, 2007.

I. <u>Defendant Smith</u>

        Defendants' first argument is that plaintiff's claims against defendant Smith should be dismissed because plaintiff failed to exhaust administrative remedies with respect to those claims prior to filing suit. A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide

1

1  disputed issues of fact.  Id. at 1120.  If the district court concludes that the prisoner has not
2  exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice.
3  Id.

4        The exhaustion requirement is rooted in the Prison Litigation Reform Act, which
5  provides that "[n]o action shall be brought with respect to prison conditions under section 1983
6  of this title, . . . until such administrative remedies as are available are exhausted."  42 U.S.C.
7  § 1997e(a).  California Department of Corrections and Rehabilitation (CDCR) regulations
8  provide administrative procedures in the form of one informal and three formal levels of review
9  to address plaintiff's claims.  See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative
10 procedures generally are exhausted once a prisoner has received a "Director's Level Decision,"
11 or third level review, with respect to his issues or claims.  Cal. Code Regs. tit. 15, § 3084.5.  All
12 steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step
13 is unavailable to him; exhaustion during the pendency of the litigation will not save an action
14 from dismissal.  McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).  Defendants bear the
15 burden of proving plaintiff's failure to exhaust.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th
16 Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U. S. 810 (2003).

17       In one section of his complaint, Plaintiff complains about actions taken by
18 defendant Smith on and after April 26, 2005.  Second Am. Compl. (Compl.) ¶¶ 28-32.  Because
19 this action was commenced on August 6, 2004, plaintiff could not have exhausted administrative
20 remedies with respect to his claims against defendant Smith before filing in this court.
21 Therefore, the court will recommend that plaintiff's claims against defendant Smith be
22 dismissed.

23 II.  Defendants Brimhall and B. Williams

24       Defendants assert that some of plaintiff's claims against defendants Brimhall and
25 B. Williams are time-barred.  Because section 1983 does not contain a statute of limitations,
26 federal courts apply the forum state's statute of limitations for personal injury actions.  Johnson

1  v. California, 207 F.3d 650, 653 (9th Cir. 2000). When not inconsistent with federal law, federal
2  courts also apply the law of the forum state regarding tolling. Id. Federal law controls the
3  question of when a claim accrues. Id. Under federal law, a claim accrues when plaintiff knows,
4  or should know, of the injury that is the basis of his cause of action. Id.
5          In California, the limitations period applicable to plaintiff's claims is two years.
6  Cal. Civ. Proc. Code § 335.1. The limitations period also is tolled for a period not to exceed two
7  years while the plaintiff is incarcerated. Cal. Civ. Proc. Code § 352.1.
8          Plaintiff's claims against defendant Brimhall are not time-barred. Plaintiff
9  complains Brimhall denied plaintiff prescribed medication for his liver troubles for the four years
10 prior to plaintiff filing his second amended complaint, or in other words since about August
11 2001. Compl. ¶¶ 19-22. It appears undisputed that plaintiff has been incarcerated for this entire
12 time, entitling him to tolling of two years of that time. Mot. To Dismiss at 11:11-14. His claims
13 against Brimhall thus were filed within the limitations period.
14         Plaintiff asserts defendant B. Williams failed to provide plaintiff adequate medical
15 care for his liver between 2000 and 2005. Am. Compl. ¶¶ 23-27. It is not clear from plaintiff's
16 complaint whether any of plaintiff's claims accrued before August 6, 2000, which is the earliest
17 point in time when claims could have accrued, working backwards from the date of filing of the
18 original complaint. Given that most if not all of plaintiff's claims against B. Williams are timely,
19 granting this aspect of defendants' motion at this stage of litigation would not be appropriate.
20         Finally, defendants assert that plaintiff's second amended complaint fails to state
21 claims upon which relief can be granted against defendants Brimhall and B. Williams. In
22 considering such a motion to dismiss, the court must accept as true the allegations of the
23 complaint in question, Erickson v. Pardus, ___ U.S. ___, 127 S.Ct. 2197, 2200 (2007), and
24 construe the pleadings in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S.
25 232, 236 (1974), abrogated on other grounds, Harlow v. Fitzgerald, 457 U.S. 800 (1982). In
26 order to survive dismissal for failure to state a claim a complaint must contain more than "a

formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955, 1964-65 (2007).  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson, 127 S.Ct. at 2200.[1]

The Eighth Amendment's prohibition of cruel and unusual punishment extends to medical care of prison inmates.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  In order to state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106.

Plaintiff alleges defendant Brimhall was aware of plaintiff's liver problems and failed to provide any treatment, causing plaintiff to suffer "severe and debilitating" pain.  Also, plaintiff indicates he was prescribed a regimen of medication by doctors at U.C. Davis, but Brimhall failed to provide plaintiff with the medication.  Am. Compl. ¶¶ 18-22.  These allegations state a cognizable claim for relief under the Eighth Amendment.

Plaintiff alleges that defendant B. Williams was aware that plaintiff had cirrhosis of the liver and hepatitis C and failed to provide any treatment, which resulted in plaintiff suffering "severe and unnecessary" pain.  Am. Compl. ¶¶ 23-27.  These allegations also state a

---

[1] Defendants suggest they are entitled to dismissal because the claims identified in plaintiff's amended complaint against defendants Brimhall and B. Williams are not necessarily supported by facts provided in exhibits attached to plaintiff's complaint.  Defendants are correct that courts can consider documents a plaintiff attaches to his complaint in ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  U.S. v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003).  Just because exhibits are attached to a complaint does not necessarily mean those exhibits provide the entire universe of facts concerning a particular claim.  In other words, if there is no factual support for a particular claim in an exhibit attached to a complaint, that does not mean the claim must be dismissed.  If the exhibits showed definitively that plaintiff has not stated or could not state a claim upon which relief could be granted, that would be a different matter.  Cf. Sprewell v. Golden State Warriors, 266 F.3d 979, 989, as amended, 275 F.3d 1187 (9th Cir. 2001).  Such is not the case here.

cognizable claim for relief under the Eighth Amendment.

In all other respects, plaintiff's amended complaint fails to state a claim upon which relief can be granted against defendants Brimhall and B. Williams.

III. Request for Referral to Receiver

With his opposition to defendants' motion to dismiss, plaintiff filed a document in which he asks that the court order the federal Receiver currently overseeing medical care within CDCR to review plaintiff's medical records. Plaintiff provides no basis for the court making such a referral, however the court is not aware of any reason plaintiff cannot correspond with the Receiver directly regarding any concerns plaintiff has with respect to his medical care.

Accordingly, IT IS HEREBY ORDERED that plaintiff's September 4, 2007 request that the court order the federal Receiver to review his medical file is denied.

IT IS HEREBY RECOMMENDED that:

1. The September 15, 2006 motion to dismiss filed by defendants Brimhall, Smith and B. Williams be granted in part and denied in part as follows:

    A. Granted with respect to plaintiff's claims against defendant Smith, and plaintiff's claims against defendant Smith be dismissed without prejudice;

    B. Denied with respect to the Eighth Amendment claims identified above against defendants Brimhall and B. Williams; and

    C. Granted with respect to the remainder of plaintiff's claims against defendants Brimhall and B. Williams.

2. Defendants Brimhall and B. Williams be ordered to file their answer within twenty days of any order adopting the above findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within five days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED:  September 11, 2007.

_____
U.S. MAGISTRATE JUDGE

---

1
payn1585.57