IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK L. PAYNE,

    Plaintiff,                              No. CIV S-04-1585 MCE KJM P

  vs.

G. STRATTON, Warden, et al.,            ORDER AND

    Defendants.                          FINDINGS AND RECOMMENDATIONS
_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Three matters are before the court.

1. <u>Defendant Douglas's Motion To Dismiss</u>

        Defendant Douglas argues that plaintiff's claims against him should be dismissed. Among other arguments, defendant Douglas asserts plaintiff failed to exhaust administrative remedies with respect to those claims prior to filing suit. A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. <u>Id</u>. at 1120. If the district court concludes that the

/////

prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Id.

The exhaustion requirement is rooted in the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). California Department of Corrections and Rehabilitation (CDCR) regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5. All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him; exhaustion during the pendency of the litigation will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002). Defendants bear the burden of proving plaintiff's failure to exhaust. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U. S. 810 (2003).

In his second amended complaint, plaintiff complains about medical care he received from defendant Douglas at Mule Creek State Prison. Plaintiff asserts Douglas failed to provide him with medication for his pain between May 24 and May 30, 2002; the pain was associated with his gallbladder, which was eventually removed after another doctor intervened. Second Am. Compl. ¶¶ 34-36. Plaintiff also asserts that in approximately November 2002, Douglas failed to treat plaintiff for pain in plaintiff's liver, which allowed plaintiff's existing "treatable Hepatitis C" liver condition to accelerate to cirrhosis. Id. ¶ 37. Finally, plaintiff asserts that in November 2004, Douglas prescribed a drug for plaintiff that was contraindicated given his liver condition, and that resulted in bleeding, pain, nausea and other discomfort. Id. ¶ 38.

/////

In the complaint, plaintiff asserts he exhausted administrative remedies with respect to all of his claims and points the court to a copy of a grievance he filed in support of his assertion. Second Am. Compl. at 2:7-8 & Ex. A. Defendant Douglas asserts that nothing in plaintiff's second amended complaint, including the exhibits, indicates that plaintiff exhausted administrative remedies with respect to his claims against defendant Douglas.

In his opposition, plaintiff fails to point to anything supporting the proposition that he did exhaust administrative remedies or anything refuting defendant Douglas's assertion that he did not. In particular, the court has reviewed all of the documents attached to plaintiff's second amended complaint and finds there is nothing suggesting plaintiff exhausted state court remedies with respect to his claims against defendant Douglas before filing this action. The two grievances he does provide do not correspond to the time frames referenced in his claims against Douglas, do not name Douglas, and do not otherwise put Douglas or the prison on notice of the claims plaintiff attempts to pursue here against Douglas. See id., Ex. A & "General Exhibits" (docket no. 13-2 at 31-34). Therefore, the court will recommend that defendant Douglas's motion to dismiss be granted and he be dismissed from this action.

In light of the foregoing, the court need not address defendant Douglas's other arguments in favor of dismissal.

2. Plaintiff's Request For An Order Regarding Law Library Access

Plaintiff asks that the court order CDCR officials to provide plaintiff with two hours of access per week to his prison law library. But plaintiff fails to point to anything in particular suggesting why plaintiff needs such access or why the court has the authority to grant such access. His request will be denied.

3. Request For A Stay

Plaintiff has requested that this action be stayed because he is in poor health. The defendants, other than defendant Douglas, do not object to plaintiff's request if the current scheduling order is vacated and reissued once a stay is lifted. Good cause appearing, the court

will recommend that this action be stayed except with respect to plaintiff's claims against defendant Douglas.

        Accordingly, IT IS HEREBY ORDERED that:

        1. Plaintiff's motion that the court order prison officials to grant him two hours of law library access per week (#65) is denied; and

        2. The scheduling order entered on May 30, 2008 (docket no. 68) is vacated, to be revisited following the district court's action on these findings and recommendations.

        IT IS HEREBY RECOMMENDED that:

        1. Defendant Douglas's motion to dismiss (#60) be granted;

        2. Defendant Douglas be dismissed from this action;

        3. Plaintiff's request for a stay (#72) be granted; and

        4. Except with respect to plaintiff's claims against defendant Douglas, this case be stayed and plaintiff be directed to notify the court within sixty days of any order adopting this recommendation as to whether the stay can be lifted.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within five days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 17, 2008.

        U.S. MAGISTRATE JUDGE

1/payn1585.57